**Quarles & Brady LLP**
One Renaissance Square
Two North Central Avenue
Phoenix, AZ 85004-2391
TELEPHONE 602.229.5200

*Attorneys for Plaintiff*

Alissa A. Brice, Esq. (CA Bar No. 287249)
Alissa.Brice@quarles.com
Tel. (602) 229-5200
Fax (602) 229-5690

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Imaad Zuberi, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Airwaves Media (Pvt.) Ltd., the owner of TV One News, a foreign corporation; and Shahid Masood, a foreign individual; and John Does 1-10, unnamed foreign persons,<br><br>Defendants. | **NO. 2:15-cv-9277**<br><br>**COMPLAINT**<br><br>**(Slander, Libel, Breach of Contract)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Imaad Zuberi ("Plaintiff" or "Mr. Zuberi"), for his Complaint against Airwaves Media (Pvt.) Ltd., owner of the TV One News channel ("One News") and Shahid Masood, M.D. ("Dr. Masood", and with One News, collectively "Defendants") alleges as follows:

## THE PARTIES

1. Mr. Zuberi is a United States citizen domiciled in Los Angeles County, California.

2. One News is a Pakistani corporation, headquartered in Karachi, Pakistan, that upon information and belief does business in Los Angeles, California through various re-broadcasting agreements with third-party providers.

3. Dr. Masood is a resident of Karachi, Pakistan, who owes Mr. Zuberi a loan debt.

4. John Does 1-10 refers to individuals or entities whose identities are not known at this time, but who may be liable for conduct and actions stated herein. When such persons' or entities' identities become known, Plaintiff will amend this Complaint to name them.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter as there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332 and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over Dr. Masood because he used One News to make false and defamatory statements about Mr. Zuberi with the intent to injure Mr. Zuberi in Los Angeles, California. Dr. Masood also received a loan from Mr. Zuberi with funds disbursed in California.

7. This Court also has personal jurisdiction over One News because it assisted Dr. Masood in broadcasting his false and defamatory statements about Mr. Zuberi in Los Angeles, California, with the intent to injure Mr. Zuberi in Los Angeles, California.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as a substantial part of the events and/or omissions giving rise to this claim occurred in this district.

**ALLEGATIONS**

9. Mr. Zuberi is a highly successful venture capitalist and private equity fund manager.

10. Due to Mr. Zuberi's interest in U.S. politics, Mr. Zuberi has contributed to and raised money for various Republican and Democratic candidates for public office.

11. Dr. Masood is, among other things, a broadcaster on One News.

12. Mr. Zuberi and Dr. Massood personally know each other.

13. In 2010, Mr. Zuberi loaned Dr. Masood $25,000.00, which was due and payable pursuant to their loan agreement no later than July 25, 2015. The loan funds were disbursed by Mr. Zuberi in Los Angeles, California.

14. To date, Dr. Masood has failed to repay Mr. Zuberi pursuant to the terms of their loan agreement.

15. As part of an ongoing attempt to circumvent his debt to Mr. Zuberi, Dr. Masood took part in drafting and approving a script for a television broadcast that included false and defamatory statements about Mr. Zuberi.

16. Upon information and belief, Defendant One News read and approved the script, and agreed to air the same during one of its broadcasts.

17. Dr. Masood then appeared on One News and made false and defamatory statements about Mr. Zuberi, that upon information and belief, were stated, outlined or referred to in the script.

18. Specifically, Dr. Masood stated in a November 3, 2015 One News broadcast, in Pakistani as translated into English: "There's a new name for National Accountability Bureau [fraud and corruption investigators] investigation. I am not showing the picture just giving the name of the person today IMAAD ZUBERI. I

met him in the past. He is linked to Finance Minister Ishaq Dar, Zardari, MQM, America and Britain. I will give the details in my next programs."

19. Dr. Masood stated in a November 4, 2015 One News broadcast, in Pakistani as translated into English: "I mentioned Imaad Zuberi's name in my yesterday's program, I suggest that wherever he is, he should contact me ASAP. When I was out of country I heard his name in Arab countries in some serious issues. I don't want to put any allegations, he has been doing fund raising and has been very active. Dr. Asim Hussain has given his name. I met Imaad Zuberi and he knows me. Dr. Asim Hussain is in Mitha Ram Hostel basement and revealing names (his name)." A picture of Mr. Zuberi was shown while these statements were being made.

20. Dr. Masood went on to state on a November 7, 2015 One News broadcast, in Pakistani as translated into English: "I have been taking Imaad Zuberi's name for last three days … He is a carrier who is taking money to America, China etc. Intelligence agencies has taken this case and are after him. He is sitting in California. He has used money for US presidential lobbying and Finance Minister Ishaq Dar has been partner of all this [showing pictures of Imaad Zuberi]. Waqar Masood is also involved in this corruption for last few years as he has been serving as Finance Secretary. Former Finance Minister Saleem Mandiviwala who was also in the FBR board did corruption with Dr. Asim Hussain in the last days of PPP Government …. The guy who is sitting in California (Imaad Zuberi) … had tried that the money sent from here (Pakistan) can be used for lobbying and can be fund for next year America Elections. He also tried to do fund raising but it got cancelled as intelligence agencies of all the countries are very active these days. This news has been sent through London & Middle East that this money has been transferred from here (Pakistan). The message was delivered that

QB\37424203.5

this fund raising should get cancelled otherwise this can create big problems in future."

21. In the November 7, 2015 broadcast, Dr. Masood also stated in Pakistani as translated into English: "I feel that this operation is fastened, all bureaucrats and politician are being investigated. Everything is ready. The case is now with Interpol. I would again suggest Imaad Zuberi to contact me ASAP."

22. On November 9, 2015, Dr. Massood again stated in a broadcast, in Pakistani as translated into English: "Ishaq Dar is the most corrupt person of this government and will be remembered. Ishaq Dar is arranging secret meetings, making committees, trying to arrange meetings in London, PM Nawaz Sharif will stay there, Zardari's meeting will be arranged through Imaad Zuberi, Zardari will reach London, in fact he has already reached as per Sherry Rehman's statement."

23. On November 12, 2105, Dr. Masood again stated on a One News broadcast, in Pakistani as translated into English: "During JIT, Dr. Asim Hussain has mentioned name of Imaad Zuberi. Imaad Zuberi has sent legal notice from some remote part of the world. Imaad Zuberi is carrying money out of country for terrorism. Dr. Asim Hussain, suspect of terrorism, financial terrorism and Rangers have named Imaad Zuberi as a carrier. Dr. Asim and some of the people who are monitoring their dirty money have given the statement that our lobbying with Congressmen and all meetings in US were facilitated by Imaad Zuberi. All the financial terrorism money was transferred to Imaad Zuberi. He also arranged meeting of Zardari & Nawaz Sharif in London. Imaad Zuberi has been meeting L.K. Advani. Dr. Asim Hussain has mentioned name of Imaad Zuberi and former minister Saleem Mandviwalla."

QB\37424203.5

24. A person hearing each of the foregoing statements (collectively, the "Defamatory Statements") would reasonably understand they refer to and involve Mr. Zuberi.

25. The Defamatory Statements falsely charge that Mr. Zuberi is involved in unlawful corruption, terrorism, is being investigated, is being sought by intelligence agencies, and that agencies are building a case to prosecute him.

26. Mr. Zuberi is not involved in any unlawful corruption or funding terrorism.

27. Mr. Zuberi has not been arrested for nor charged with any crime, and to his knowledge, is not being investigated by Interpol or any other governmental organizations relating to the allegations stated in the Defamatory Statements.

28. None of the companies in which Mr. Zuberi has an ownership interest has been charged with a crime, or is being investigated by Interpol or any other governmental organization relating to the allegations stated in the Defamatory Statements.

29. The Defamatory Statements expose Mr. Zuberi to hatred, contempt, ridicule, or obloquy, and/or cause him to be shunned or avoided, and/or have a tendency to injure him in his occupation, as a businessman and political fundraiser.

30. The Defamatory Statements also tend to directly injure Mr. Zuberi in his business as a fundraiser, investor and investment manager by imputing that he is not qualified to honestly pursue these trades.

31. The natural consequence of the Defamatory Statements is to cause Mr. Zuberi actual damages, including to his business reputation and ability to raise funds and make investments.

32. The Defamatory Statements are *per se* defamatory because the hearer would reasonably understand them to mean, without explanation, that Mr. Zuberi is involved in illegal activities.

33. Dr. Masood knew or should have known the Defamatory Statements were false, or at least should have entertained serious doubts about the truth of the statements.

34. Upon information and belief, Dr. Masood made the Defamatory Statements to try to intimidate Mr. Zuberi and thereby avoid having to repay his loan debt to Mr. Zuberi.

35. One News knew or should have known the Defamatory Statements were false, or at least should have entertained serious doubts about the truth of the statements.

36. Nevertheless, One News filmed Dr. Masood making the Defamatory Statements and broadcast the segments on television in Pakistan.

37. Because One News contracts with DISH Network, DirecTV, or similar providers, One News programs are regularly re-broadcast in the United States, including in Los Angeles, California, as well as over the internet in the United States.

38. One News and Dr. Masood knew or had substantial reason to believe that the Defamatory Statements would be re-broadcast in the United States, including in Los Angeles, California, to the Los Angeles viewing public.

39. Additionally, upon information and belief, One News and/or Dr. Masood and/or John Does 1-10 caused the segments to be uploaded and broadcast on YouTube under a false identify or otherwise published the content on a website published in the United States and intended to reach, among others, Pakistanis (or persons of Pakistani descent) living in the United States. Screenshots of the

uploads on youtube.com together with the written posts are attached hereto as **Exhibit "1"**. Upon information and belief, similar uploads and postings have been made to other websites as well.

40. Upon information and belief, One News knew or should have known that Mr. Zuberi resided in Los Angeles; Dr. Masood refers to Mr. Zuberi in the broadcast "sitting in California."

41. Upon information and belief, Dr. Masood knew or should have known that One News would rebroadcast the program in Los Angeles, and perhaps intended as much.

42. Dr. Masood therefore acted with actual malice because he intended, by knowing of the rebroadcast of his Defamatory Statements in Los Angeles, to cause injury to Mr. Zuberi, and Dr. Masood thereby engaged in despicable conduct with a willful and conscious disregard for Mr. Zuberi's rights.

43. One News also acted with actual malice because it intended, by filming, broadcasting and rebroadcasting the Defamatory Statements in Los Angeles, to cause injury to Mr. Zuberi, and One News thereby engaged in despicable conduct with a willful and conscious disregard for Mr. Zuberi's rights.

44. At the very least, One News failed to use due care to prevent the publication or utterance by Dr. Masood of the Defamatory Statements.

45. The Defamatory Statements proximately caused Mr. Zuberi actual general and special damages because the Defamatory Statements were a substantial factor in causing him harm to his property, business, trade, profession or occupation, and/or causing him to pay expenses as a result of the harm to his reputation, and/or causing him shame, mortification and hurt feelings.

46. Even without actual damages, the nature of the Defamatory Statements are presumed to have caused Mr. Zuberi harm, and therefore he is entitled to exemplary damages.

47. On November 7, 2015, Mr. Zuberi, through counsel, sent a timely letter to One News and Dr. Masood, demanding they retract the Defamatory Statements, pursuant to Cal. Civ. Code 48a et seq.

48. Defendants have failed to issue any retraction or otherwise cease and desist with respect to broadcasting and/or rebroadcasting the Defamatory Statements.

## First Claim for Relief
## (Slander - All Defendants)

49. Mr. Zuberi incorporates each of the foregoing paragraphs as if fully stated herein.

50. Dr. Masood made and caused the publication of the false, Defamatory Statements, knowing they were false or at least entertaining serious doubts about their truth.

51. One News broadcast, and caused the rebroadcast of, the false, Defamatory Statements, knowing they were false or at least entertaining serious doubts about their truth.

52. Dr. Masood acted with actual malice, arising out of his hatred or ill will toward Mr. Zuberi, and intended to injure Mr. Zuberi.

53. One News broadcast, and caused the rebroadcast of, the Defamatory Statements, thereby assisting Dr. Masood in broadcasting his false and defamatory statements about Mr. Zuberi with the intent to injure Mr. Zuberi in Los Angeles, California.

54. One News, at the least, failed to use due care to prevent the publication or utterance of the Defamatory Statements.

55. The Defamatory Statements are *per se* defamatory.

56. As a result of the Defamatory Statements, Mr. Zuberi has suffered, and it is presumed that that he has suffered, general damages for his loss of reputation, shame, mortification and hurt feelings.

57. Mr. Zuberi has also suffered special damages due to lost profits, lost business opportunities, and other losses with respect to his business, as well as sums he had to expend as a result of the defamation and libel.

### Second Claim for Relief
### (Libel - All Defendants)

58. Mr. Zuberi incorporates each of the foregoing paragraphs as if fully stated herein.

59. Defendants and/or John Does 1-10, made and caused the publication of the false, Defamatory Statements, knowing they were false or at least entertaining serious doubts about their truth, and uploaded them to youtube.com (the "YouTube Uploads") and to other websites.

60. In conjunction with the YouTube Uploads and other website uploads to other websites, Defendants and/or John Does 1-10, assumed a false identity and utilized the name of Imaad Zuberi as the poster of the content.

61. In conjunction with the YouTube Uploads and other website uploads, Defendants and/or John Does 1-10, assumed made additional false written statements stating that Mr. Zuberi was "laundering money".

62. Defendants and/or John Does 1-10, caused the YouTube Uploads and other website uploads to be published knowing they contained false statements and

1  adding additional knowingly false written statements to the webpage, or at least
2  entertaining serious doubts about their truth.

3  63. Defendants and/or John Does 1-10 acted with actual malice, arising
4  out of his hatred or ill will toward Mr. Zuberi, and intended to injure Mr. Zuberi.

5  64. Defendants and/or John Does 1-10 caused the YouTube Uploads and
6  other website uploads and the additional written statements to assist Dr. Masood
7  and One News in broadcasting his false and Defamatory Statements about Mr.
8  Zuberi with the intent to injure Mr. Zuberi in Los Angeles, California and generally
9  in the United States where Mr. Zuberi does business.

10  65. Defendants and/or John Does 1-10 failed to use due care to prevent the
11  publication or utterance of the Defamatory Statements in causing the YouTube
12  Uploads and other website uploads.

13  66. The Defamatory Statements, including the written statements that are
14  part of Exhibit 1, are *per se* defamatory.

15  67. As a result Mr. Zuberi has suffered, and it is presumed that that he has
16  suffered, general damages for his loss of reputation, shame, mortification and hurt
17  feelings.

18  68. Mr. Zuberi has also suffered special damages due to lost profits and
19  other losses with respect to his business, lost business opportunities, as well as
20  sums he had to expend as a result of the defamation and libel.

### Third Claim for Relief
### (Breach of Loan)

23  69. Mr. Zuberi made a loan in the amount of $25,000 to Dr. Masood,
24  which was due and repayable no later than July 25, 2015.

25  70. Dr. Masood breached his obligations to Plaintiff by failing to repay the
26  loan.

-11-

QB\37424203.5

71. Mr. Zuberi has made multiple demands on Dr. Masood for repayment, but Dr. Masood has failed and refused to cure the breach and repay the loan.

72. Mr. Zuberi has been damaged by Dr. Masood's breach in the amount of $25,000, plus accrued and accruing interest at maximum rate permitted by applicable law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally, and in favor of Mr. Zuberi as follows:

A. For general damages in an amount to be determined at trial not less than $1,000,000;

B. For special damages in an amount to be determined at trial not less than $1,000,000;

C. For exemplary/punitive damages in an amount to be determined at trial;

D. For nominal damages;

E. For damages for breach of contract in the principal amount of $25,000;

F. For pre-judgment and post-judgment interest on the principal amount loaned at the maximum rate allowed by law from the date of the loan until paid in full;

G. For Mr. Zuberi's costs incurred herein and accruing costs;

H. For interest on Mr. Zuberi's damages and costs;

I. For attorney's fees to the extent allowable by law; and

J. For all other relief available under law and equity.

# DEMAND FOR JURY TRIAL

Mr. Zuberi hereby demands a trial by jury pursuant to Rule 38, Federal Rules of Civil Procedure, and L.R. 38-1.

RESPECTFULLY SUBMITTED this 1st day of December, 2015.

> QUARLES & BRADY LLP
> One Renaissance Square
> Two North Central Avenue
> Phoenix, AZ 85004-2391
> Tel: 602.229.5200
> Fax: 602.229.5690
> Email: Alissa.Brice@quarles.com
>
> By /s/ Alissa A. Brice
>    Alissa A. Brice
>
> *Attorneys for Plaintiff*

QB\37424203.5