UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                'O'

| Case No. | CV15-9277-CAS(JPRx) | Date | January 5, 2016 |
|---|---|---|---|
| Title | IMAAD ZUBERI V. AIRWAVES MEDIA (PVT.) LTD., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   (IN CHAMBERS)

MOTION FOR LEAVE TO CONDUCT EARLY DISCOVERY (Dkt. 10, filed December 16, 2015)

MOTION TO EXPEDITE MOTION FOR LEAVE TO CONDUCT EARLY DISCOVERY (Dkt. 11, filed December 16, 2015)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15.

## I.   INTRODUCTION & BACKGROUND

On December 1, 2015, plaintiff, Imaad Zuberi, filed this action for defamation against defendants Airwaves Media (Pvt.) Ltd. ("Airwaves Media"), Shahid Masood ("Masood"), and Does 1 through 10 (collectively, "defendants"). Dkt. 1. In brief, plaintiff alleges that, in a series of TV news segments, defendant Masood made false statements that plaintiff had laundered money, funded terrorism, and improperly obtained money that he then contributed to various political candidates. Dkt. 1, ¶¶ 17-28. Plaintiff alleges that these statements were recorded and broadcasted by Airwaves Media in Pakistan, and then rebroadcasted in Los Angeles in early November 2015. Id.

On December 16, 2015, plaintiff filed a motion requesting leave to conduct early discovery pursuant to Federal Rule of Civil Procedure 26(d)(1). Dkt. 10.[1] In his motion,

---

[1] Plaintiff also filed a motion requesting that the Court set an expedited hearing schedule on his motion for leave to conduct early discovery. Dkt. 11. However, the Court finds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV15-9277-CAS(JPRx) | Date | January 5, 2016 |
|---|---|---|---|
| Title | IMAAD ZUBERI V. AIRWAVES MEDIA (PVT.) LTD., ET AL. | | |

plaintiff contends that after Airwaves Media broadcasted Masood's statements, various anonymous individuals re-posted portions of these TV segments on YouTube.  Further, plaintiff alleges that other anonymous individuals have made additional defamatory statements regarding plaintiff on Facebook.  Plaintiff wishes to name these individuals as additional defendants in this action but, at present, he is unaware of their identities.  Accordingly, plaintiff seeks leave to issue subpoenas pursuant to Federal Rule of Civil Procedure 45 to Google (which owns YouTube), Facebook, and potentially certain Internet Service Providers ("ISPs").  Through these subpoenas, plaintiff seeks to obtain information sufficient to identify and serve the individuals who have posted defamatory statements on YouTube and Facebook.

## II. DISCUSSION

In general, a party "may not seek discovery from any source" until the parties have conferred as required by Rule 26(f).  Fed. R. Civ. P. 26(d), (f).  Yet, "in rare cases, courts have made exceptions, permitting limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the identifying facts necessary to permit service on the defendant."  Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573, 577 (N.D. Cal. 1999) (citing Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980)).  Courts grant these requests when the moving party shows good cause for the early discovery.  Semitool, Inc. v. Tokyo Elec. Am., Inc., 208 F.R.D. 273, 275-76 (N.D. Cal. 2002).

Courts have identified four factors that are relevant when evaluating whether a plaintiff has established good cause for attempting to learn the identity of Doe defendants through early discovery: (1) whether plaintiff has identified the Doe defendants with sufficient specificity that the court can determine that the defendants are real people who can be sued in federal court, (2) whether plaintiff has recounted the steps it has taken to locate and identify the defendant, (3) whether plaintiff has demonstrated that the action can withstand a motion to dismiss, and (4) whether plaintiff has proved that the discovery is likely to lead to identifying information that will permit service of process.  Columbia Ins. Co., 185 F.R.D. at 578–80 (N.D.Cal.1999); Patent Tech., LLC v. Woodman, 2015

---

that plaintiff's motion for leave to conduct early discovery is suitable for resolution without a hearing.  Accordingly, plaintiff's motion for expedited consideration is DENIED AS MOOT.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | CV15-9277-CAS(JPRx) | Date | January 5, 2016 |
| Title | IMAAD ZUBERI V. AIRWAVES MEDIA (PVT.) LTD., ET AL. | | |

WL 4537779, at *3 (N.D. Cal. Jul. 27, 2015) (same); <u>Dallas Buyers Club, LLC v. Doe-72.199.251.97</u>, 2015 WL 5675540, at *2 (S.D. Cal. Sep. 25, 2015) (same).

      The Court finds that plaintiff has failed to establish "good cause" to permit early discovery. First, in his motion, plaintiff has failed to expressly address any of the factors mentioned above. And, while the Court must evaluate "good cause" based on the "entirety of the record" and the "reasonableness of the request in light of all surrounding circumstances," at present the Court has serious concerns about plaintiff's request. <u>Facebook, Inc. v. Various, Inc.</u>, 2011 WL 2437433, at *2 (N.D. Cal. Jun. 17, 2011). Specifically, plaintiff has not "recounted the steps [he] has taken to locate and identify the defendant[s]" in this case. Plaintiff states, in a footnote, that he has requested, unsuccessfully, that Youtube and Facebook remove the defamatory material on their websites; however, he provides no information regarding the steps he has taken to independently identify the Doe defendants in his case. <u>Compare</u> <u>Camargo v. Miltiadous</u>, 2015 WL 1951779, at *4 (N.D. Cal. Apr. 29, 2015) ("Here, Plaintiff reviewed the posts to attempt to obtain further information regarding the poster's identities, but no information was available. Plaintiff also conducted Google searches to see if the posters used the user names with other online posts, but did not find any additional information. Further, although Plaintiff attempted to send messages directly to the Bob–TKY and cm257 accounts, she was unable to do so.")(citations omitted).

      Plaintiff has also failed to identify the Doe defendants with sufficient specificity such that the Court can determine that they are real people who can be sued in federal court. Plaintiff has identified two user names on YouTube, one using his own name, "Imaad Zuberi," and another using the name "Gullu Butt." Plaintiff has also identified three Facebook handles: "Pakistan Defence Command," "Pakistan Army Media – Unofficial," and "Consulate General of Pakistan, Los Angeles." However, other than these usernames and handles plaintiff provides no other identifying information. <u>Compare</u> <u>Readify Pty Ltd. v. Readifyblog</u>, 2012 WL 6737809, at *2 (N.D. Cal. Dec. 28, 2012) ("Plaintiff has identified Wordpress.com user 'Readifyblog' with sufficient specificity by providing the unique username *and* URL assigned to him/her on the approximate date Plaintiff alleges Defendant engaged in the alleged conduct.") (emphasis added); <u>see also</u> <u>Cobbler Nevada, LLC v. Doe-68.8.213.203</u>, 2015 WL 9026554, at*2 (S.D. Cal. Dec. 15, 2015) (noting that, in the copyright infringement context, "[a] plaintiff identifies Doe defendants with sufficient specificity by providing the unique IP addresses assigned to an individual defendant on the day of the allegedly infringing

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | CV15-9277-CAS(JPRx) | Date | January 5, 2016 |
|---|---|---|---|
| Title | IMAAD ZUBERI V. AIRWAVES MEDIA (PVT.) LTD., ET AL. | | |

conduct, and by using 'geolocation technology' to trace the IP address to a physical point of origin.").

     Finally, while plaintiff has submitted a proposed form of order with his motion, the Court finds that, as presently drafted, this proposed order is both overbroad and vague. The proposed order states that plaintiff "may serve subpoenas on third parties, Google, Facebook and potentially Internet Service Providers to determine the identity of individuals using certain user names on YouTube and Facebook."  Dkt 10, Ex. A. However, the order does not specify, among other things, what information plaintiff will request from Google and Facebook through these subpoenas.  Plaintiff's proposed order also does not identify under what circumstances he may "potentially" need to issue subpoenas to additional ISPs.  And when plaintiff refers to "certain user names" it is not clear whether this includes only those user names identified in plaintiff's motion, or whether plaintiff also intends to request information from Google and Facebook about additional unspecified user names. The Court has serious reservations about approving such a broad and potentially open-ended discovery request.  If plaintiff elects to refile his request for leave to conduct early discovery he should submit a proposed form of order that, at a minimum, addresses these deficiencies.

     Accordingly, for the foregoing reasons, the Court DENIES without prejudice, plaintiff's request for leave to conduct early discovery.

IT IS SO ORDERED

                                                                                              00 : 00

                                              Initials of Preparer        CL